**MEI ZHEN GAO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 05–4888–ag.

United States Court of Appeals, Second Circuit.

Jan. 8, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as the respondent in this case.

Karen Jaffe, New York, New York, for Petitioner.

Michael J. Garcia, United States Attorney, Southern District of New York, Heidi A. Wendel, Sean H. Lane, Assistant United States Attorneys, New York, New York, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Mei Zhen Gao, a native and citizen of the People's Republic of China, seeks review of the September 2, 2005 order of the BIA affirming the March 7, 2005 decision of Immigration Judge ("IJ")

Barbara A. Nelson denying her motion to rescind an *in absentia* removal order and to reopen her proceedings. *In re Mei Zhen Gao*, No. A73 657 631 (BIA Sept. 2, 2005), *aff'g* No. A73 657 631 (Immig.Ct.N.Y.City, March 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review for abuse of discretion the BIA's denial of a motion to reopen, including such motions that seek to rescind an *in absentia* removal order. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir.2006); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

As a preliminary matter, Gao states in her letter brief that the "only" issue of which she seeks review is the BIA's denial of her motion to rescind her *in absentia* removal order. Because Gao has affirmatively waived any challenge to the BIA's denial of her motion to reopen to apply for asylum, we will not consider any such argument. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

We also decline to consider any of Gao's arguments with respect to her motion to rescind her *in absentia* order when they are not properly before this Court. The agency denied Gao's motion after finding that she had received notice of her removal hearing. Gao's opening brief does not challenge that finding, waiving any such argument. Moreover, to the extent that Gao's letter brief attempts to assert a new challenge to the agency's finding that she received adequate notice—*i.e.*, that she failed to receive notice of her removal hearing where the evidence suggests that the Notice to Appear was not sent to her address of record at the time of the hearing—that attempt is improper for two reasons. First, our September 5, 2008 order stated that the parties were to file briefs

"addressing the relevance and impact of the Court's decision in *Yuen Jin v. Mukasey* [538 F.3d 143 (2d Cir.2008) ] on the instant case." Gao's arguments exceed the scope of that order. Second, it is well-settled that "arguments not raised in an appellant's opening brief, but only in his reply brief, are not properly before an appellate court even when the same arguments were raised in the trial court." *McCarthy v. SEC,* 406 F.3d 179, 186 (2d Cir.2005). As Gao's letter brief is akin to a reply brief, we will not consider any new arguments raised therein.[2]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

**2.** In addition, we decline to consider the issue because Gao failed to raise before the BIA any of the factual bases underlying her argument that she failed to receive proper notice of her removal hearing, and because the government has raised this failure to exhaust in its letter brief. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20, 124 (2d Cir.2007).